HON. LARRY W. MORAN, District Judge, sitting for JUSTICE SHEEHY,
specially concurring:
Mr. Justice McDonough’s Opinion is an exhaustive and entirely *455 appropriate analysis of the facts and law in the case, and I concur in the result. Even so, the style, content, and length of the Opinion is representative of difficulties encountered in a departure from traditional common law procedure.
Historical development of the common law has proceeded from court recognition of facts and theory, to enunciation of legal principles, thence to establishment of precedent. This progression has been the strength and flexibility of judge made law, and the primary reason for its effectiveness and durability. However, this sequence is not apparent in recent decisions regarding the issue of governmental immunity and the effect of § 2-9-111, MCA. In fact, the exact reverse has occurred. Instead of moving forward to the establishment of precedent, the movement has been to a self-perpetuating case by case pattern of decision.
It is respectfully suggested that a case by case determination of the complex and important issue of governmental immunity and applicability of § 2-9-111, MCA, tends to create confusion and instability. Many fine and intricate distinctions (such as those reflected in Justice McDonough’s Opinion) will, inevitably, become finer, more intricate, and more complex as the struggle to maintain logic intensifies; there will be distinctions within distinctions, and the reasons for decisions will become, essentially, inscrutable; and, precedent will become more elusive.
In the evolution of tort liability, primary emphasis has been directed to the act or conduct producing a cause of action. It is proper in a democracy where the law must be on guard when extending special rights, privileges, or immunities, that liability be based on acts or conduct, not on the nature or character of the actor. Unfortunately, in fixing liability in cases involving governmental immunity and § 2-9-111, MCA, attention has been misdirected to a matter deserving only passing interest — the nature or character of the actor — with act and conduct generally ignored. This, too, seems to be a departure from the tested and proven way of the common law.
How beneficial it would be to see (or to write) an opinion on governmental immunity considering provisions of § 2-9-111, MCA, simply concluding: “the act giving rise to the cause of action is clearly administrative or executive, not legislative. Hence, governmental immunity does not attach” or the reverse, in applicable situations.
JUSTICE HUNT and HONORABLE THOMAS A. OLSON, District Judge, sitting for JUSTICE BARZ, concur in the foregoing specially concurring opinion of HON. LARRY C. MORAN, District Judge.